UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cr-20958-RAR-2/Becerra

UNITED STATES OF AMERICA,

v.

GUNTER KARL SCHMITT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION[1] ON DEFENDANT'S MOTION FOR REDUCTION FOR MITIGATING ROLE/U.S.S.G. APP. C. AMEND. 794

**THIS CAUSE** came before the Court on Defendant, Gunter Karl Schmitt's ("Defendant"), *pro se* Motion for Reduction for Mitigating Role/U.S.S.G. App. C. Amend. 794 (the "Motion"). ECF No. [83]. The United States of America (the "Government") filed a Response in Opposition to Defendant's Motion (the "Response") on June 30, 2021. ECF No. [87]. Defendant did not file a reply. Upon due consideration of the Motion and Response, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Motion be **DENIED**.

## I.    BACKGROUND

On December 13, 2018, a federal grand jury returned a four-count Indictment charging Defendant with (1) conspiracy to possess with the intent to distribute over five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (Count 1); (2) possession with the intent to distribute over five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (Count 2); (3) conspiracy to import cocaine into the United States (Count 3); and (4) importation of cocaine into the United States (Count 4). ECF No.

_____

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge. ECF No. [85].

[12]. Defendant pled guilty to Count 1 on February 4, 2019 and was sentenced to 108 months' imprisonment on March 22, 2019. ECF Nos. [39], [72]. Judgment was entered on March 25, 2019. ECF No. [75]. Although Defendant did not waive his right to appeal his sentence as part of his Plea Agreement, *see* ECF No. [40], Defendant did not file a direct appeal.

On June 8, 2021, more than two years after the judgment of conviction, Defendant filed the instant *pro se* Motion, requesting a sentence reduction for a mitigating role as a minor participant in the offense. ECF No. [83]. Defendant argues for the retroactive application of Amendment 794 to the commentary of Section 3B1.2 of the United States Sentencing Guidelines ("U.S.S.G."), which he contends entitles him to an "application of a new mandatory minimum sentencing provision," since his "otherwise final sentence" was "imposed as a result of an incorrect application of the sentencing guideline[s]." *Id.* at 1 (citing 18 U.S.C. § 3742(a)(2)).

Specifically, Defendant argues that Amendment 794 "makes clear" that a court "should consider all of the factors set forth in the new amendment" when determining whether a minor role reduction is appropriate and that "a defendant who does not have a proprietary interest in the criminal activity [but is simply] being paid to perform certain tasks [] should be considered for the minimum or minor role reduction, even [if the] defendant performs an essential or indispensable role in the criminal activity." *Id.* at 1. Defendant asserts that the neither the Government nor the United States Probation Office (via his Pre-Sentence Investigation Report) recommended a minor role reduction. *Id.* at 2. Defendant further argues that "the Court made no findings comparing defendant['s] role relative to other participants" and so the Court could not properly evaluate whether a reduction was warranted under the Sentencing Guidelines. *Id.* at 3. Defendant seeks a "4 level reduction and concessions, as he was merely a courier and not a decision maker or organizer in this trafficking scheme." *Id.* at 4.

The Government's Response argues that "there is no legal mechanism to reduce the Defendant's sentence." ECF No. [87] at 3. As an initial matter, the Government notes that Amendment 794 became effective over three years *before* Defendant was sentenced. *Id.* Therefore, because Amendment 794 was already in effect at the time of Defendant's sentencing, "it can be presumed that the modified [Section] 3B1.2's application note to the U.S.S.G. were taken into account" at Defendant's sentencing. *Id.* at 4. Notwithstanding, the Government notes that Amendment 794 "modified [Section] 3B1.2's application notes" to include non-exhaustive factors for consideration in determining whether a minor role reduction is appropriate, but "left the text of [Section] 3B1.2 unchanged." *Id.* at 3 (internal quotations omitted). Indeed, the Government contends that Defendant did not "object to the [United States Probation Office's] failure to apply a mitigating role adjustment" in the Pre-Sentence Investigation Report, failed to meet his burden at sentencing to show he was entitled to a minor role reduction by a preponderance of the evidence, and "failed to file a timely notice of appeal" after his sentence became final. *Id.* at 4. Finally, the Government argues that neither 18 U.S.C. § 3582(c) nor Federal Rules of Criminal Procedure 35 or 36 apply, and therefore, Defendant's motion should be denied. *Id.*

II.    **ANALYSIS**

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Here, although Defendant references various statutes and regulations in support of his Motion, there is no legal mechanism or basis which entitles him to relief.

First, although Defendant relies on Title 18, United States Code, Section 3742(a), his failure to appeal within 10 days of sentencing renders that statute inapplicable. *See United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).

Second, Defendant's argument that Amendment 794 "applies retroactively" has no merit. *See* ECF No. [83] at 1–4.  As the Government points out, Defendant was sentenced more than three years *after* Amendment 794 went into effect.  *See Sparks v. United States*, No. 15-cr-14046, 2016 WL 7421379, at *5 (S.D. Fla. Nov. 14, 2016), *report and recommendation adopted*, No. 15-cr-14046, 2016 WL 7443125 (S.D. Fla. Dec. 21, 2016) ("Amendment 794 was issued on November 1, 2015.  Thus, it was enacted prior to the movant's December 2015 sentencing hearing.") (internal citation omitted).  Indeed, "a court is [generally] required to use the guidelines manual in effect on the date a defendant is sentenced."  *Id.* (citing *Dorsey v. United States*, 567 U.S. 260, 275 (2012)); U.S.S.G. § 1B1.11(a) ("The court *shall* use the Guidelines Manual in effect on the date that the defendant is sentenced.") (emphasis added).  Defendant simply offers no support for the position that Amendment 794 was not properly considered when the Court elected not to apply a minor role reduction to his sentence.[2]

Third, Defendant's Objections and Addendum to Presentence Investigation and Request for Variance Pursuant to 18 U.S.C. § 3553(a), did not include an objection based on the Probation Office's failure to consider a minor role for Defendant.  *See* ECF No. [63]; *see also Sparks*, 2016 WL 7421379, at *6 (denying a Section 2255 motion where "[t]he record does not reflect any objection to the probation officer's sentence calculations, and the PSI clearly delineated no adjustment for movant's role in the offenses" and so "the movant has not demonstrated a fundamental defect, nor [] a complete miscarriage of justice").  Defendant therefore "had the

---

[2] Notably, even if Amendment 794 had not been in effect at the time of Defendant's sentencing, Amendment 794 did not make a substantive change to the law. *See United States v. Gonzalez*, No. 5:12-cr-9/RH/HTC, 2019 WL 3386313, at *3 (N.D. Fla. May 8, 2019), *report and recommendation adopted*, No. 5:12-cr-9-RH-HTC, 2019 WL 2724337 (N.D. Fla. June 29, 2019) ("Amendment 794 is a clarifying amendment effecting no change in the substantive law" so "[n]othing in Amendment 794 entitles [defendant] to a sentence reduction" under Section 2255).

opportunity to challenge the denial of a minor-role adjustment at [his] sentencing." *See Gonzalez*, 2019 WL 3386313, at *3.  Thus, Defendant did not meet his "burden . . . to prove his minor role in the offense by a preponderance of the evidence. *See United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).

Fourth, there is no basis for relief under Rule 35 of the Federal Rules of Criminal Procedure which permits modification of a sentence for "Correcting Clear Error" or "Reducing a Sentence for Substantial Assistance," nor Rule 36 which allows for correction of "a clerical error."  Fed. R. Crim. P. 35, 36.

Finally, relief under Title 18, United States Code, Section 3582(c)(1)(A) is also unavailable.  Section 3582(c)(1)(A) allows a court to modify a prison term if: (1) the movant has exhausted administrative remedies within the Bureau of Prisons; (2) the court finds "extraordinary and compelling reasons" to modify that are consistent with Section 1B1.13 of the Sentencing Guidelines; and (3) modification is warranted after considering the Section 3553(a) factors.[3]  *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Bryant*, 996 F.3d 1243, 1251, 1254 (11th Cir. 2021); *United States v. Parker*, No. 06-cr-60130, 2021 WL 2434270, at *2 (S.D. Fla. June 14, 2021). Section 1B1.13 includes four categories of "extraordinary and compelling reasons," including: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) a "catch-all" category for other reasons as determined by the Bureau of Prisons.  U.S.S.G. § 1B1.13,

---

[3] The Section 3553(a) factors to be considered in imposing a sentence include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (7) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a)(1)–(7).

Application Note 1; *Parker*, 2021 WL 2434270, at \*2.  The defendant bears the burden to establish

that relief is warranted under Section 3582(c)(1)(A).  *United States v. Kannell*, 834 Fed. Appx.

566, 567 (11th Cir. 2021).

As an initial matter, it is not clear if Defendant has exhausted all administrative rights to

appeal, as required by Section 3582(c)(1)(A).  Even if Defendant were to have made such a

showing, however, his Motion fails on the merits, as Defendant has not demonstrated

"extraordinary and compelling" reasons to warrant a reduction of his sentence.  Indeed,

Defendant's release would be inconsistent with the Section 1B1.13 policy statement because he

makes no argument as to his health, age, or family circumstances, and the Bureau of Prisons has

not determined that other extraordinary and compelling reasons exist.  Second, the 3553(a) factors

do not weigh in favor of release because Defendant was hired to operate a cocaine-filled vessel

from the Dominican Republic to Miami, was sentenced *below* the Guideline range to a term similar

to his co-defendants, and has served less than three years of a ten-year sentence.  *See* ECF Nos.

[83] at 3; [90] at 7–9, 18.  Thus, releasing Defendant now would not promote respect for the law,

provide punishment for his offense, nor afford adequate deterrence.  In short, there is no legal basis

to retroactively grant Defendant an adjustment for minor role.

## III.    CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant's Motion,

ECF No. [83], be **DENIED**.

## IV.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation

with the United States District Court for the Southern District of Florida, within **FOURTEEN (14)**

**DAYS** of being served with a copy of this Report and Recommendation.  Any request for an

extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on October 22, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE